UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN J. COBB, on behalf of herself and others similarly situated** | **CIVIL ACTION** |
| **VERSUS** | |
| **EDWARD F. BUKATY, III, PLC** | **No. 15-00335-BAJ-RLB** |

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is an **Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 39)**, filed by Susan J. Cobb ("Plaintiff" or "Class Representative"), and Edward F. Bukaty, III, PLC ("Defendant"). A hearing was held on the motion on September 14, 2016. The parties advised the Court that they have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the proposed Class Action Settlement Agreement ("Settlement Agreement").

Having preliminarily reviewed the proposed Settlement Agreement, the Court finds that the proposed settlement appears fair, reasonable, and adequate. A Final Settlement Approval Hearing/ Fairness Hearing ("Final Approval Hearing") **shall be held on January 12, 2016, at 10:00 a.m.**, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that the **Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 39)** is **GRANTED.**

**IT IS FURTHER ORDERED:**

(1)   This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

(2)   In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorney General of the State of Louisiana.

(3)   Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs ("Class Members") with respect to the claims asserted in the Lawsuit:

> In-Writing Notice Class:
> All persons (a) with a Louisiana address, (b) to whom Edward F. Bukaty, III, PLC mailed an initial debt collection communication that stated: "Unless you notify us within 30 days after receipt of this communication that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid.  If you do notify us of a dispute, we will obtain verification of the debt and mail it to you," (c) from May 26, 2014 to May 26, 2015, (d) in connection with the collection of a consumer debt on behalf of Citibank, N.A.
>
> Interest Notice Class:
> All persons (a) with a Louisiana address, (b) to whom Edward F. Bukaty, III, PLC mailed an initial debt collection communication, (c) from May 26, 2014 to May 26, 2015, (d) in connection with the collection of a consumer debt on behalf of Citibank, N.A., (e) that did not state (1)

whether interest was in fact accruing on the subject debt, and, if interest was accruing, the amount of interest due as of the date of the initial communication, or (2) the effective date as of which an amount would suffice to pay off the subject debt in full, or (3) the date as of which any unpaid accrued interest was calculated, or (4) the applicable interest rate.

Amount Owed Class:
All persons (a) with a Louisiana address, (b) to whom Edward F. Bukaty, III, PLC mailed a debt collection communication, (c) from May 26, 2014 to May 26, 2015, (d) in connection with the collection of a consumer debt on behalf of Citibank, N.A., (e) that stated the amount owed on the subject debt without any qualification or explanation of whether or not interest, late fees, or other charges were accruing.

Defendant represents that there are 153 Class Members, including Plaintiff.

(4) Pursuant to Rule 23, the Court appoints Susan J. Cobb as the Class Representative. The Court also appoints Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. *See Hall v. Frederick J. Hanna & Assocs., P.C.*, No. 15-3948, 2016 WL 2865081, at *1 (N.D. Ga. May 10, 2016) (appointing Greenwald Davidson Radbil PLLC class counsel); *Bellum v. Law Office of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 1083740, at *2 (E.D. Pa. Mar. 16, 2016) (same); *Roundtree v. Bush Ross, P.A.*, No. 14-357, 2016 WL 360721, at *2 (M.D. Fla. Jan. 28, 2016) (same); *Prater v. Medicredit, Inc.*, No. 14-00159, 2015 WL 8331602, at *2 (E.D. Mo. Dec. 7, 2015) (same); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337, 340 (S.D. Miss. 2015) (same).

(5) The Court preliminarily finds, for the sole purpose of settlement, that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

3

A.  The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) ("100 to 150 members . . . is within the range that generally satisfies the numerosity requirement.").

B.  There are questions of law and fact common to the Class Members, which predominate over any individual questions. *See McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337, 340 (S.D. Miss. 2015); *Walker v. Greenspoon Marder, P.A.*, No. 13–CV–14487, 2015 WL 233472, at *3 (S.D. Fla. Jan. 5, 2015) ("By definition, the class contains only individuals who share a common question of law, i.e., whether the 'Notice[s] identical to that attached to Plaintiffs' Complaint' violate the FDCPA. Each class member's claim will rise or fall with the resolution of that common contention." (alteration in original and internal record citation omitted)).

C.  The claims of Plaintiff are typical of the claims of the Class Members. *See Castro v. Collecto, Inc.*, 256 F.R.D. 534, 542 (W.D. Tex. 2009) ("Plaintiff has sufficiently narrowed the class definition by limiting the class to include individuals to whom Defendants mailed the letter Plaintiff received.").

D.  Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members. *See McWilliams*, 310 F.R.D. at 340 ("Ms. McWilliams's attorneys—Greenwald Davidson

4

    Radbil PLLC—have been appointed as class counsel in more than a dozen consumer protection class actions in the past two years.").

 E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. *McWilliams*, 310 F.R.D. at 341 (certifying three classes alleging claims under the fair debt collection practices act).

(6) The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (1) the parties' arm's-length settlement negotiations; (2) the stage of the proceedings and discovery completed to support the proposed settlement; and (3) the opinion of competent counsel supporting the settlement, who are experienced in consumer protection class litigation such as this.

(7) A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The class administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All costs of administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, the Court hereby appoints the following class administrator: First Class, Inc.

(8)     The Court approves the form and substance of the Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit C. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the class administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 14 days after the Court's entry of this order, *i.e.*, **no later than September 28, 2016**. The class administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

(9)     Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 45 days after the Court's entry of this order, *i.e.*, **no later than October 31, 2016**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded.  Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

(10)    Any Class Member who intends to object to the fairness of this

settlement must file a written objection with the Court within 45 days after the Court's entry of this order, *i.e.*, **no later than October 31, 2016**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Jesse S. Johnson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendant, Lindsay Meador, Galloway, Johnson, Tompkins, Burr & Smith, 328 Settlers Trace Blvd., Lafayette, LA 70508.

    (11)    To be effective, a notice of intent to object to the settlement must:

        (a)    Contain a heading which includes the name of the case and case number;

        (b)    Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

        (c)    Be filed with the Clerk of the Court no later than 45 days after the Court preliminarily approves the settlement;

        (d)    Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 45 days after the Court preliminarily approves the settlement;

        (e)    Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Middle District of Louisiana; and

        (f)    Contain a statement of the specific basis for each objection.

    (12)    Any Class Member who has timely filed an objection may appear at the Final Approval Hearing, in person or by counsel, to be heard to the extent allowed by

the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Settlement, and on the application for an award of attorneys' fees and costs.

(13) Upon final approval from the Court, the class administrator will mail a settlement check to each Class Member who does not exclude himself or herself from the Classes. Each Class Member will receive a pro-rata portion of the $8,000.00 settlement fund, in the amount of no less than $52.28 per Class Member. Additionally, Defendant will pay to the Class Representative the sum of $1,000 as statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(B)(i).

(14) The Court will conduct a **Final Approval Hearing** on **January 12, 2017, at 10:00 a.m.** in Courtroom 2 at the United States District Court for the Middle District of Louisiana, Russell B. Long Federal Building and United States Courthouse, 777 Florida Street, Baton Rouge, Louisiana 70801, to review and rule upon the following issues:

    A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

    B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

    C.    Whether a Final Order and Judgment, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice

        and releasing the Released Claims against the Released Parties; and

    D.    To discuss and review other issues as the Court deems appropriate.

(15) Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

(16) Submissions by the parties, including memoranda in support of the proposed settlement, responses to any objections, and petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 14 days prior to the Final Approval Hearing, *i.e.*, **no later than December 29, 2016**.

(17) The Settlement Agreement and this Order will be null and void if any of the following occur:

    A.    The Settlement Agreement is terminated by any of the parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the parties;

    B.    The Court rejects any material component of the Settlement Agreement, including any amendment thereto approved by the parties; or

    C.    The Court approves the Settlement Agreement, including any

amendment thereto approved by the parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

(18) If the Settlement Agreement and/or this order are voided, then the Settlement Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

(19) The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

(20) The Court sets the following schedule:

| Date | Event |
| --- | --- |
| **September 14, 2016** | **Preliminary Approval Order Entered** |
| **September 28, 2016** | **Notice Sent** |
| **October 31, 2016** | **Deadline to Send Exclusion or File Objection** |
| **December 29, 2016** | **Motion for Final Approval, Responses to Any Objections, and Attorneys' Fees Petition Filed** |
| **January 12, 2017, at 10:00 a.m.** | **Final Approval Hearing** |

**IT IS FURTHER ORDERED** that Plaintiff's **Renewed Motion for Class Certification and Appointment of Class Counsel (Doc. 25)** is **GRANTED IN PART** and **DENIED AS MOOT IN PART.** The Plaintiff's request to appoint Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel is **GRANTED** and

Plaintiff's request to certify the class is **DENIED AS MOOT**, in accordance with the preliminary approval of the Settlement Agreement and the certification of the class for the purpose of settlement.

Baton Rouge, Louisiana, this 14th day of September, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**